**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**flbm.uscourts.com**

In re:                                                    Case No.:    6:15-bk-03448-MGW
                                                          Chapter 7

**ORLANDO GATEWAY**
**PARTNERS, LLC,**

    **Debtor.**
_____/
_____
                                      \

**EMERSON NOBLE,**
**as CHAPTER 7 TRUSTEE,**

    **Plaintiff**

vs.                                                       Adv. P. No.:    6:17-ap-00136-MGW

**LA ROSA REALTY, LLC,**

    **Defendant**
_____/

## ANSWER

Defendant La Rosa Realty, LLC ("La Rosa" or "Defendant") files this Answer in response to the Complaint filed by Emerson Noble, as Chapter 7 Trustee for the bankruptcy estate of Orlando Gateway Partners, LLC ("Orlando Gateway" or "Debtor"), and alleges:

1. The Defendant admits the averments of paragraph 1 of the Complaint.

2. The Defendant admits the averments of paragraph 2 of the Complaint.

3. The Defendant admits the averments of paragraph 3 of the Complaint.

4. The Defendant admits the averments of paragraph 4 of the Complaint.

5. The Defendant admits the averments of paragraph 5 of the Complaint.

6. The Defendant admits that on or about August 16, 2007, Orlando Gateway was formed; and the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 6 of the Complaint.

7. The Defendant admits that Nilhan Hospitality, LLC ("Nilhan Hospitality") is a Florida limited liability company; and the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7 of the Complaint.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint.

9. The Defendant admits the averments of paragraph 9 of the Complaint

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint.

12. The Defendant admits the averments of paragraph 12 of the Complaint.

13. The Defendant admits the averments of paragraph 13 of the Complaint.

14. The Defendant admits the averments of paragraph 14 of the Complaint, except the Defendant denies that the transfer is an avoidable transfer.

15. The Defendant denies the averments of paragraph 15 of the Complaint.

16. The Defendant denies the averments of paragraph 16 of the Complaint.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the Complaint.

18. The Defendant repeats and realleges its responses to paragraphs 1 through 17, inclusive, as if the same were fully set forth herein, in response to the averments of paragraph 18 of the Complaint.

19. The Defendant admits the averments of paragraph 19 of the Complaint.

20. The Defendant admits the averments of paragraph 20 of the Complaint, except the Defendant denies that the transfer is an avoidable transfer.

21. The Defendant denies the averments of paragraph 21 of the Complaint

22. The Defendant denies the averments of paragraph 22 of the Complaint

23. The Defendant denies the averments of paragraph 23 of the Complaint

24. The Defendant denies the averments of paragraph 24 of the Complaint

25. The Defendant denies the averments of paragraph 25 of the Complaint

26. The Defendant denies the averments of paragraph 26 of the Complaint

27. The Defendant repeats and realleges its responses to paragraphs 1 through 17, inclusive, as if the same were fully set forth herein, in response to the averments of paragraph 27 of the Complaint.

28. The Defendant admits the averments of paragraph 28 of the Complaint to the extent that it accurately recapitulates the words of 11 U.S.C. § 550, except the Defendant denies that the transfer is an avoidable transfer.

29. The Defendant admits the averments of paragraph 29 of the Complaint, except the Defendant denies that the transfer is an avoidable transfer.

30. The Defendant denies the averments of paragraph 30 of the Complaint.

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted, and so the Complaint should be dismissed.  Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Plaintiff has failed to aver the circumstances constituting fraud with such particularity as the circumstances permit, and so the case should be dismissed. Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9(b).

## THIRD DEFENSE

The Plaintiff received full and substantial consideration and value in the form of broker and/or realtor services rendered to Plaintiff by Defendant which resulted in the tenancy and lease, and Plaintiff therefore became liable to Defendant to pay the broker and/or realtor commission to Defendant.

## FOURTH DEFENSE

Defendant was the procuring cause of the lease agreement between Plaintiff and the tenant, and the lease agreement expressly includes a provision whereby Plaintiff and the tenant acknowledged the liability of Plaintiff to Defendant, and therefore Plaintiff was expressly required by the lease agreement, and required by law, to pay Defendant the broker and/or realtor commission.

WHEREFORE, the Defendant prays that the Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant and against Plaintiff, and that the Defendant be awarded its attorney's fees and costs of this action to the extent permitted by law.

Respectfully submitted this 19th day of December 2017.

**MARK RUTECKI & ASSOCIATES, P.A.**
215 Celebration Place, Suite 520
Celebration, Florida 34747
Office: (407) 566-9503
Fax: (407) 566-9506
E-mail: mark@rutecki.com

/s/*Mark Rutecki*/

By: _____
Mark C. Rutecki, Esq.
Florida Bar No. 899607
Counsel for Defendant

                                              Of Counsel,

                                              /s/ John T. Snow_____
                                              John T. Snow, Esq.
                                              FL Bar #0039685
                                              390 North Orange Ave, Ste. 2300
                                              Orlando, FL 32801
                                              Phone 407-286-6663
                                              johnsnow@cfl.rr.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I served the above Answer on the Plaintiff by electronic transmission via e-filing / e-service to Plaintiff's attorney, Jules S. Cohen, Esq., at his office, Akerman LLP, P.O. Box 231, Orlando, FL 32802-0231, on this 19th day of December 2017.

**MARK RUTECKI & ASSOCIATES, P.A.**
215 Celebration Place, Suite 520
Celebration, Florida 34747
Office: (407) 566-9503
Fax: (407) 566-9506
E-mail: mark@rutecki.com

/s/*Mark Rutecki*/

By: _____
Mark C. Rutecki, Esq.
Florida Bar No. 899607
Counsel for Defendant